UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

LAW OFFICES OF SEYMOUR WASSERSTRUM
Attorneys at Law
205 W. Landis Avenue
Vineland, NJ 08360
(856) 696-8300
Attorneys for Debtor(s)

Order Filed on August 13, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:

Merdis E. Hill,

Debtor

Case No.: 22-14482 ABA

Hearing Date:

Chapter: 13

Judge: ABA

## ORDER AUTHORIZING
## SALE OF REAL PROPERTY

Recommended Local Form:  ☒ Followed    ☐ Modified

The relief set forth on the following pages numbered two (2) and three (3), is **ORDERED**.

**DATED: August 13, 2025**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

After review of the Debtor's motion for authorization to sell the real property commonly known as _____1366 Kaighn Avenue, Camden_____, New Jersey (the Real Property).

**IT IS** hereby **ORDERED** as follows:

1. The Debtor is authorized to sell the Real Property on the terms and conditions of the contract of sale pursuant to 11 U.S.C. §§ 363(b) and 1303.

2. The proceeds of sale must be used to satisfy the liens on the real property unless the liens are otherwise avoided by court order. Until such satisfaction the real property is not free and clear of liens.

3. ☐   In accordance with D.N.J. LBR 6004-5, the *Notice of Proposed Private Sale* included a request to pay the real estate broker and/or debtor's real estate attorney at closing. Therefore the following professional(s) may be paid at closing.

| |
|---|
| Name of professional: |
| Amount to be paid: |
| Services rendered: |
| |
| |

**OR**:  ☒  Sufficient funds may be held in escrow by the Debtor's attorney to pay real estate broker's commissions and attorney's fees for the Debtor's attorneys on further order of this court.

4. Other closing fees payable by the Debtor may be satisfied from the proceeds of sale and adjustments to the price as provided for in the contract of sale may be made at closing.

5. The amount of $_____ claimed as exempt may be paid to the Debtor.

6. The ☐ *balance of proceeds* or the ☒ *balance due on the debtor's Chapter 13 Plan* must be paid to the Chapter 13 Trustee in the Debtor's case.

7. A copy of the HUD settlement statement must be forwarded to the Chapter 13 Trustee 7 days after closing.

8. ☐ The debtor must file a modified Chapter 13 Plan not later than 21 days after the date of this order.

9. After all liens and closing costs are satisfied, debtor's co-owner siblings, William B. Cowherd and Arburta Elizabeth Jones may each be paid 1/3 of the sale proceeds.

10. Non-exempt proceeds from debtor's 1/3 portion shall be forwarded to the Trustee in the amount of $22,404.29 to pay 100% to unsecured creditors who filed timely claims in accordance with the verified payoff provided. Any remaining funds can be paid directly to Debtor.

11. Fed. R. Bankr. P. 6004(h), which provides for a 14 day stay of this order is not applicable.

12. The 14 day appeal period per Fed. R. Bankr. P. 8002 is hereby waived.

*rev.1/12/22*